Filed 4/25/22  P. v. Smart CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094289 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F03478) |
| v. | |
| JARVELL DEANDRAE SMART, | |
| Defendant and Appellant. | |

Defendant Jarvell Deandrae Smart appeals from the denial of his postjudgment motion for a juvenile fitness/transfer proceeding, which he filed in propria persona. At the time defendant filed his motion he was represented by counsel for a postjudgment hearing pursuant to *In re Cook* (2019) 7 Cal.5th 439 and *People v. Franklin* (2016) 63 Cal.4th 261, and his counsel declined to file the motion on defendant's behalf.  In this court, appointed counsel for defendant asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979)

1

25 Cal.3d 436 (*Wende*).) Although appellate counsel mentions in his *Wende* brief that one issue may be whether the refusal to file and argue defendant's motion in the trial court constituted a denial of the right to assistance of counsel, appellate counsel did not argue the merits of the issue. In any event, having reviewed the record, we have found no arguable error that would result in a disposition more favorable to defendant. We will affirm the judgment.

I

In 2004, a jury convicted defendant of assault with a firearm (Pen. Code, § 245, subd. (a))[1] and discharging a firearm at an occupied vehicle (§ 246), and found true allegations that the assaults were carried out for the benefit of a street gang (§ 186.22, subd. (b)(1)) and that the codefendant personally discharged a firearm (§ 12022.53, subds. (d), (e)). Defendant was 15 years old at the time of the offense and was charged as an adult based on allegations that he personally used a firearm. (See Welf. & Inst. Code, § 707, former subd. (d)(2)(B).) However, the jury did not find true allegations that defendant personally used a firearm under sections 12022.5 and 12022.53, or that he personally inflicted great bodily injury under section 12022.7. On appeal this court ordered modification of defendant's sentence to reflect an aggregate term of 28 years to life in prison and otherwise affirmed his convictions. (*People v. Smart* (Dec. 19, 2006, C049931) opn. ordered par. pub.)

In 2021, defendant filed a motion for a juvenile fitness/transfer hearing pursuant to Proposition 57 (approved by voters, Gen. Elec. (Nov. 8, 2016)). He argued he was tried as an adult based on the allegations that he personally discharged a firearm, but those allegations were found not true. As a result, defendant asserted he should have returned to juvenile court. He claims Assembly Bill No. 1423 (2019-2020 Reg. Sess.), which

---

[1] Undesignated statutory references are to the Penal Code.

created Welfare and Institutions Code section 707.5 and provides guidance for returning a case to juvenile court when charges are reduced or dismissed, supports his motion.

The trial court denied the motion, finding that defendant was not entitled to relief under Welfare and Institutions Code section 707.5. The trial court explained that Welfare and Institutions Code section 707.5 allows a trial court to return a case to juvenile court when the person was convicted of only misdemeanors and/or offenses not listed in Welfare and Institutions Code section 707, subdivision (b). Because defendant was convicted of assault with a firearm, an offense listed under section 707, subdivision (b)(13) of the Welfare and Institutions Code, his adult prosecution and conviction remain valid under the law. Citing *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, the trial court also found that defendant failed to show that Proposition 57 applies retroactively to his case, which was final in 2007.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction motion for a juvenile fitness/transfer hearing is an open question. The California Supreme Court has not addressed the issue. In this case we exercise our discretion to review the matter.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's denial of defendant's motion for a juvenile fitness/transfer hearing is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
RENNER, J.